UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GENE ACHZIGER,<br><br>             Plaintiff,<br><br>      v.<br><br>IDS PROPERTY CASUALTY INSURANCE COMPANY,<br><br>             Defendant. | CASE NO. C14-5445 BHS<br><br>ORDER |

This matter comes before the Court on Plaintiff Gene Achziger's ("Achziger") motion for class certification (Dkt. 26) and the parties' motions to exclude (Dkts. 54, 60, 67). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

## I. PROCEDURAL AND FACTUAL BACKGROUND

On October 4, 2013, Achziger was involved in a car accident while driving his pickup truck. Dkt. 1-1 ("Comp.") ¶ 1.9. Achziger's truck was damaged, and the repairs cost $6,325.87. Dkt. 61, Declaration of Stephen Hansen ("Hansen Dec."), Ex. 2 at 2. As a result of the damage, Achziger's truck was worth less after it was repaired than before the accident. Comp. ¶ 1.10.

ORDER - 1

1  Achziger had a car insurance policy with Defendant IDS Property Casualty
2  Insurance Company ("IDS").  *Id.* ¶ 1.9.  Achziger sought coverage for his damaged truck
3  under his IDS policy.  *Id.* ¶ 1.11.  According to Achziger, IDS neither informed Achziger
4  about the availability of coverage for diminished value nor adjusted his loss to include
5  diminished value.  *Id.*

6  On April 4, 2014, Achziger filed a class action complaint against IDS in Pierce
7  County Superior Court.  *Id.* ¶ 1.1.  Achziger claims IDS (1) breached the insurance
8  policy, and (2) violated the Washington Consumer Protection Act ("CPA"), RCW 19.86,
9  *et seq*.  *Id.* ¶¶ 1.12, 5.1–5.15.  On June 3, 2015, IDS removed the suit to this Court under
10 the Class Action Fairness Act, 28 U.S.C. § 1332(d).  Dkt. 1.

11 On March 18, 2015, Achziger moved for class certification.[1]  Dkt. 26.  On
12 September 14, 2015, IDS responded.  Dkt. 48.  On October 23, 2015, Achziger replied.
13 Dkt. 64.  Following Achziger's class certification motion, both IDS and Achziger moved
14 to exclude various expert opinions.  Dkts. 54, 60, 67.  The parties filed their respective
15 responses and replies.  Dkts. 66, 69, 71, 74, 75, 78.  Achziger's class certification motion
16 was renoted to December 4, 2015.

## II. DISCUSSION

18 Achziger seeks to certify a class of IDS insureds with Washington policies under
19 Federal Rule of Civil Procedure 23.  Dkt. 26.

---

[1] The parties stipulated to an extended briefing schedule.  Dkts. 31, 44, 59.

**A.     Motions to Exclude**

Before turning to Achziger's class certification motion, the Court will address the parties' motions to exclude expert opinions.

**1.     Bernard Siskin, Ph.D.**

First, IDS seeks to exclude the expert opinion of Dr. Bernard Siskin ("Dr. Siskin"), arguing Dr. Siskin's opinion fails to satisfy the standards for expert testimony under Federal Rule of Evidence 702 and *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Dkt. 54 at 2.

Rule 702 governs the admissibility of expert testimony.  "The rule consists of three distinct but related requirements: (1) the subject matter at issue must be beyond the common knowledge of the average layman; (2) the witness must have sufficient expertise; and (3) the state of the pertinent art or scientific knowledge permits the assertion of a reasonable opinion." *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002).  Under *Daubert*, the trial judge must assess whether "the reasoning or methodology underlying the testimony is scientifically valid," and "whether that reasoning or methodology properly can be applied to the facts in issue."  509 U.S. at 592–93.

The Court need not determine the admissibility of Dr. Siskin's opinion at this time.  Dr. Siskin's opinion largely concerns how damages should be determined in this case.  *See* Dkt. 29, Declaration of Bernard Siskin ¶ 1 ("I have been retained in this matter to provide opinions on (a) the feasibility of preparing a model to demonstrate the presence of Class wide damages and injury due to diminished value, (b) to measure the

loss in retail value of vehicles in the proposed Class due to diminished value, and then (c) to determine how to apply the same method in a post verdict distribution process."); *see also id.* ¶¶ 5, 8, 9.  Although the Court recognizes IDS' arguments concerning the validity of Dr. Siskin's opinion, the extent of damages is an issue for trial rather than class certification.  The Court therefore denies IDS' motion to exclude Dr. Siskin's opinion (Dkt. 54) without prejudice.

### 2. Steven Heyl

Next, Achziger moves to exclude the expert opinion of Steven Heyl ("Mr. Heyl"). Dkt. 60.  According to Achziger, Mr. Heyl's opinion is unreliable under *Daubert*.  *Id.* at 2.  The Court again finds it does not need to conduct a *Daubert* analysis at this time.  IDS essentially submits Mr. Heyl's opinion to create a question of fact as to whether Achziger suffered damages—an issue the Court need not reach at this stage in the litigation.  *See* Dkt. 50-5, Declaration of Steven Heyl ¶¶ 7–8.  Moreover, "the presence of individualized damages cannot, by itself, defeat class certification under Rule 23(b)(3)."  *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 514 (9th Cir. 2013).  The Court denies Achziger's motion to exclude Dr. Heyl's opinion (Dkt. 60) without prejudice.

### 3. John Walker

Finally, Achziger moves to exclude the expert opinion of John Walker ("Mr. Walker").  Dkt. 67.  Achziger contends IDS violated Federal Rule of Civil Procedure 26(a) by failing to disclose Mr. Walker as an expert witness prior to the date IDS took his deposition.  *Id.*

1  Rule 26(a) governs the disclosure of witnesses.  Under Rule 26(a)(B), parties must
2  "disclose the identity of each expert witness 'accompanied by a written report prepared
3  and signed by the witness.'"  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d
4  1101, 1106 (9th Cir. 2001) (quoting Fed. R. Civ. P. 26(a)(2)(B)).  "If Rule 26(a)(2)(B)
5  requires a report from the expert, the deposition may be conducted only after the report is
6  provided."  Fed. R. Civ. P. 26(a)(4)(A).  "Rule 37(c)(1) gives teeth to these
7  requirements . . . ."  *Yeti by Molly*, 259 F.3d at 1106.  "If a party fails to provide
8  information or identify a witness as required by Rule 26(a) or (e), the party is not allowed
9  to use that information or witness to supply evidence on a motion, at a hearing, or at trial,
10 unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).
11 The party facing sanctions bears the burden of proving its failure to comply was either
12 substantially justified or harmless.  *Yeti*, 259 F.3d at 1107.

13      It is undisputed that IDS did not provide any disclosures for Mr. Walker before
14 deposing him.  IDS, however, provided expert disclosures for Mr. Walker prior to filing
15 its response to class certification.  Dkt. 77, Declaration of Shannon Wodnik ("Wodnik
16 Dec."), Exs. A, B.  Pursuant to the parties' stipulated briefing schedule, Achziger had
17 over five weeks to conduct discovery and prepare his reply.  Dkt. 59.  During this time,
18 IDS offered to make Mr. Walker available to Achziger for further examination in light of
19 his recent expert designation.  Wodnik Dec., Ex. G at 2.  Achziger declined to depose Mr.
20 Walker again.  *Id.*  Under these circumstances, any failure by IDS to comply with Rule
21 26(a) was harmless.  The Court denies Achziger's motion to exclude Mr. Walker's expert
22 opinion (Dkt. 67).

### B.     Motion for Class Certification

Achziger moves to certify a class of IDS insureds with Washington policies. Dkt. 26. IDS opposes the motion, arguing Achziger has failed to satisfy Rule 23's requirements. Dkt. 48.

"Class certification is governed by Federal Rule of Civil Procedure 23." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2548 (2011). "As the party seeking class certification, [Achziger] bears the burden of demonstrating that [he] has met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001), *amended by* 273 F.3d 1266 (9th Cir. 2001). Under Rule 23(a), a party seeking class certification must satisfy four requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Parsons v. Ryan*, 754 F.3d 657, 674 (9th Cir. 2014).

IDS makes two arguments with respect to typicality. First, IDS contends Achziger is not a member of the class he seeks to represent because his insurance claim was paid under the collision coverage of his policy and the class definition excludes individuals whose "claims [were] paid under the collision or comprehensive coverage where the in force policy included [the diminished value exclusion]." Dkt. 48 at 36 (quoting Comp. ¶ 4.3). In response, Achziger suggests in a footnote that the class definition could be modified to address IDS' argument. Dkt. 64 at 9 n.6. Second, IDS argues Achziger is an atypical representative because IDS' records indicate Achziger was involved in a prior accident. Dkt. 48 at 39. Although Achziger discusses prior accidents in the context of

1 | predominance, Dkt. 64 at 12, Achziger does not appear to address this issue in the context
2 | of typicality.
3 | After reviewing the parties' briefing, the Court finds it would benefit from further
4 | discussion of these typicality issues.  The Court therefore reserves ruling on Achziger's
5 | class certification motion, and requests additional briefing on the issues outlined above.
6 | Achziger should file an opening brief by February 5, 2016.  IDS should file a response by
7 | February 16, 2016.  Achziger may file a reply by February 19, 2016.

### III. ORDER

Therefore, it is hereby **ORDERED** that IDS' motion to exclude Bernard Siskin, Ph.D. (Dkt. 54) is **DENIED without prejudice**, Achziger's motion to exclude Steven Heyl (Dkt. 60) is **DENIED without prejudice**, and Achziger's motion to exclude John Walker (Dkt. 67) is **DENIED**.  The Court **RESERVES RULING** on Achziger's motion for class certification (Dkt. 26).  The Court requests additional briefing on the typicality issues identified herein.  Achziger's motion for class certification (Dkt. 26) is renoted to February 19, 2016.

Dated this 27th day of January, 2016.

BENJAMIN H. SETTLE
United States District Judge