UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GENE ACHZIGER,

Plaintiff,

v.

IDS PROPERTY CASUALTY INSURANCE COMPANY,

Defendant.

CASE NO. C14-5445 BHS

ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

This matter comes before the Court on Plaintiff Gene Achziger's ("Achziger") motion for class certification (Dkt. 26). The Court has considered the pleadings filed in support of and in opposition to the motion, oral argument, and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On October 4, 2013, Achziger was involved in a car accident while driving his pickup truck. Dkt. 1-1 ("Comp.") ¶ 1.9. Achziger's truck was damaged, and the repairs cost $6,325.87. Dkt. 61, Declaration of Stephen Hansen ("Hansen Dec."), Ex. 2 at 2. As

a result of the damage, Achziger claims his truck was worth less after it was repaired than before the accident. Comp. ¶ 1.10.

Achziger had a car insurance policy with Defendant IDS Property Casualty Insurance Company ("IDS"). *Id.* ¶ 1.9. Achziger sought coverage for his damaged truck under his IDS policy. *Id.* ¶ 1.11. Achziger claims IDS neither informed him about the availability of coverage for diminished value nor adjusted his loss to include diminished value. *Id.*

On April 4, 2014, Achziger filed a class action complaint against IDS in Pierce County Superior Court. *Id.* ¶ 1.1. Achziger claims IDS (1) breached the insurance policy, and (2) violated the Washington Consumer Protection Act ("CPA"), RCW 19.86 *et seq*. *Id.* ¶¶ 1.12, 5.1–5.15. On June 3, 2015, IDS removed the suit to this Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Dkt. 1.

On March 18, 2015, Achziger moved for class certification.[1] Dkt. 26. On September 14, 2015, IDS responded. Dkt. 48. On October 23, 2015, Achziger replied. Dkt. 64. Following Achziger's class certification motion, both IDS and Achziger moved to exclude various expert opinions. Dkts. 54, 60, 67. The parties filed their respective responses and replies. Dkts. 66, 69, 71, 74, 75, 78. Achziger's class certification motion was renoted to December 4, 2015.

On January 27, 2016, the Court ruled on the parties' motions to exclude. Dkt. 83. The Court reserved ruling on Achziger's class certification motion, and requested

---

[1] The parties stipulated to an extended briefing schedule. Dkts. 31, 44, 59.

additional briefing on typicality. *Id.* Achziger's motion was renoted to February 19, 2016. On February 5, 2016, Achziger filed his opening brief. Dkt. 84. On February 16, 2016, IDS responded. Dkt. 85. On February 19, 2016, Achziger replied. Dkt. 87.

On March 23, 2016, the Court held a hearing on Achziger's motion, which was renoted again to the hearing date.

## II. DISCUSSION

Achziger seeks to certify a class of IDS insureds with Washington policies under Federal Rule of Civil Procedure 23. Dkt. 26. Achziger's class certification motion is one of several that have come before Washington courts in diminished value cases. *See, e.g.*, *Meyer v. Am. Family Mut. Ins. Co.*, No. 3:14-cv-5305-RBL, 2015 WL 5156594 (W.D. Wash. Sept. 2, 2015); *Moeller v. Farmers Ins. Co. of Wash.*, 173 Wn.2d 264 (2011). Under Washington law, "[a] vehicle suffers 'diminished value' when it sustains physical damage in an accident, but due to the nature of damage, it cannot be fully restored to its preloss condition." *Moeller*, 173 Wn.2d at 271. IDS opposes Achziger's motion, arguing he has failed to satisfy Rule 23's requirements. Dkt. 48.

### A. Legal Standard

"Class certification is governed by Federal Rule of Civil Procedure 23." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2548 (2011). "As the party seeking class certification, [Achziger] bears the burden of demonstrating that [he] has met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001), *amended by* 273 F.3d 1266 (9th Cir. 2001).

"Rule 23 does not set forth a mere pleading standard." *Dukes*, 131 S. Ct. at 2551. Rather, "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule . . . ." *Id.* Before certifying a class, the Court must conduct a "rigorous analysis" to determine whether Achziger has met the requirements of Rule 23. *Zinser*, 253 F.3d at 1186. "While the trial court has broad discretion to certify a class, its discretion must be exercised within the framework of Rule 23." *Id.*

At the outset, Achziger seems to imply the Court need not conduct a "rigorous analysis" because several Washington state courts and one federal court have already certified classes in diminished value cases against other insurance companies. *See, e.g.*, Dkt. 26 at 3–4; Dkt. 64 at 3–4. While these decisions may be persuasive, they are not binding on this Court.[2] Moreover, this Court has a duty to determine whether each Rule 23 requirement is met in this case. In other words, the Court may not relax its Rule 23 analysis simply because similar classes have been certified by other courts.

**B. Proposed Class**

Achziger seeks to certify the following class:

> All IDS insureds with Washington policies issued in Washington State, where the insured's vehicle damages were covered under the UIM PD, collision, and/or comprehensive coverages, and
>
> 1. the repair estimates on the vehicle (including any supplements) totaled at least $1000; and

---

[2] Indeed, the state courts analyzed whether class certification was appropriate under Washington Civil Rule 23 rather than Federal Rule of Civil Procedure 23. Although the wording of CR 23 mirrors Rule 23, "Washington courts liberally interpret CR 23" and "err in favor of certifying a class." *Weston v. Emerald City Pizza LLC*, 137 Wn. App. 164, 168 (2007).

      > 2. the vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident; and
>
> 3. the vehicle suffered structural (frame) damage and/or deformed sheet metal and/or required body or paint work
>
> Excluded from the Class are a) claims involving leased vehicles or total losses, b) employees of IDS, c) the assigned judge, the judge's staff and family, d) claims paid under the collision or comprehensive coverage where the in force policy included Amendment AMWA 13a-d and e) accidents occurring before April 4, 2008.

Comp. ¶ 4.3.

**C. Rule 23 Requirements**

Under Rule 23(a), Achziger must satisfy four requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Parsons v. Ryan*, 754 F.3d 657, 674 (9th Cir. 2014). In addition to these four requirements, Achziger must satisfy at least one of the categories of Rule 23(b). *Zinser*, 253 F.3d at 1186. Here, Achziger seeks certification under Rule 23(b)(3). Dkt. 26. A class action may be maintained under Rule 23(b)(3) if "questions of law or fact common to class members predominate over any questions affecting only individual members," and if "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Put another way, Achziger must also establish predominance of common issues and superiority of the class action.

In this case, the Court finds that Achziger has failed to show his proposed class meets the requirements of typicality, predominance, and superiority, as discussed in greater detail below.

**1. Typicality**

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). To satisfy typicality, Achziger must show "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2009). When evaluating typicality, the Court considers "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon*, 976 F.2d at 508 (internal quotation marks omitted).

Achziger has failed to show that his claims are typical of the class at this time. With respect to his breach of contract claim, Achziger seeks to represent a class of insureds who have different IDS policies than him. Achziger's IDS policy contains a diminished value exclusion to his collision and comprehensive coverage. Dkt. 50-2, Declaration of Christopher Boehm ("Boehm Dec."), Ex. 1 at 15. The proposed class definition, however, includes class members whose policies do not contain this exclusion.

*See* Comp. ¶ 4.3. There are therefore two types of coverage at issue in this case: collision and/or comprehensive coverage and UIM coverage.[3]

These coverage provisions contain different language. The collision and comprehensive coverage limits liability to "the lesser of" (a) the actual cash value of the damaged property, or (b) the amount necessary to repair or replace the property with property of like kind or quality. Boehm Dec., Ex. 1 at 25. Meanwhile, the UIM coverage provides that IDS will pay the compensatory damages that an insured is "legally entitled to recover" from the underinsured driver due to "property damage caused by an accident . . . ." *Id.* at 22.

In *Moeller*, the Washington Supreme Court limited its decision regarding coverage for diminished value to the specific policy language at issue. *See* 173 Wn.2d at 277. Courts in other jurisdictions have denied recovery for diminished value where the policy limits liability to the "lesser" of the vehicle's repair or cash value preclude recovery for diminished value. *See Moeller*, 155 Wn. App. at 144 n.10 (citing, for example, *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154 (Tex. 2003)). The Washington Court of Appeals and the Washington Supreme Court both distinguished *Moeller* from these cases

[3] The class definitions in recent diminished value cases have mostly been limited to one type of coverage. *See, e.g.*, *Meyer*, 2015 WL 5156594, at *1 (certifying class "where the insured's vehicle damages were covered under the UIM PD coverage"); *Moeller v. Farmers Ins. Co. of Wash.*, 155 Wn. App. 133, 148 (2010) (upholding certification of a class of insureds who "received payment under their collision or comprehensive coverages for damage to an insured automobile"); *Mansker v. Farmers Ins. Co. of Wash.*, Pierce County Superior Court Cause No. 11-2-06668-7 (Mar. 26, 2014) (certifying class of insureds "who were paid under the uninsured/underinsured motorist (UIM) provisions . . . or had UIM motorist property damage coverage"). *But see Merrill v. Pemco Mutual Ins. Co.*, Pierce County Superior Court Cause No. 13-2-13764-5 (Feb. 9, 2015) (certifying class "where the insured's vehicle's damages were covered under the UIM PD, collision, and/or comprehensive coverages").

because the policy at issue did not contain the “lesser of” language. *See Moeller*, 173 Wn.2d at 177; *Moeller*, 155 Wn. App. at 144 n.10.

Depending on their IDS policy and the type of accident involved, some members will need to make different legal arguments than Achziger to state a breach of contract claim. Along those same lines, the different coverage language at issue raises the possibility that there was a breach of contract for some of the class members, but not for others.

As for his CPA claim, Achziger seeks to represent individuals whose claims were adjusted over the course of eight years. IDS, however, has presented evidence showing that its claims handling practices and procedures changed over the proposed class period. *See* Boehm Dec., Ex. 3 at 255, 286–87, 317–18. While typicality does not hinge on the specific facts from which a claim arises, the changes in IDS’ claims handling procedure demonstrate that each class member’s CPA claim does not arise from the same course of events. Put another way, Achziger and the class members have not necessarily been injured by the same course of conduct.

Achziger’s claims may be typical of class members who share the same insurance policy and whose claims were handled during the same time period. The proposed class definition, however, encompasses different insurance policies, coverage provisions, and

claim handling procedures.[4] The Court therefore concludes that typicality is not satisfied at this time.

**2. Predominance**

"The predominance inquiry focuses on the relationship between the common and individual issues and tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Vinole v. Countrywide Home Loans*, 571 F.3d 935, 944 (9th Cir. 2009) (internal quotation marks omitted). Although related to Rule 23(a)'s commonality requirement, the predominance inquiry is "far more demanding." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 624 (1997). "[A] central concern of the Rule 23(b)(3) predominance test is whether 'adjudication of common issues will help achieve judicial economy.'" *Vinole*, 571 F.3d at 944 (quoting *Zinser*, 253 F.3d at 1189).

---

[4] IDS also argues Achziger is an atypical representative because he is excluded from the class definition. Dkt. 48 at 36. The proposed class definition excludes individuals whose "claims [were] paid under the collision or comprehensive coverage where the in force policy included [the diminished value exclusion]." Comp. ¶ 4.3. Achziger's insurance claim was paid under the collision coverage of his policy, and his policy included the diminished value exclusion. Boehm Dec., Exs. 1, 2.

In response, Achziger argues the intent of the class definition was to exclude individuals whose claims were only covered under the collision or comprehensive coverage, but whose claims arose during the time period when IDS' policy contained the diminished value exclusion. Dkt. 84 at 5. According to Achziger, a potential ambiguity in the class definition arose because IDS has a practice of paying all claims under the collision coverage, but internally coding claims as UIM claims. *Id.* at 7; *see also* Hansen Dec., Ex. 8 ("Boehm Dep.") 51:11–53:19. Achziger suggests modifying the class definition to exclude "claims covered only by the collision or comprehensive coverage where the in-force policy included Amendment AMWA 13a-d." Dkt. 64 at 9 n.6.

Even if the class definition was modified, the typicality problems identified above would still remain. Moreover, the modified class definition would raise additional individual inquiries because a determination would need to be made as to whether an accident is "covered *only by* the collision or comprehensive coverage." Dkt. 64 at 9 n.6 (emphasis added).

Even assuming Achziger's proposed class meets all four Rule 23(a) requirements, Achziger has failed to persuade the Court that common issues predominate over individual issues. As discussed above, the proposed class definition in this case encompasses different types of coverage. With respect to UIM coverage, Washington law requires an insured with a UIM claim to prove he or she could recover diminished value from the other driver. *See McIllwain v. State Farm*, 133 Wn. App. 439, 446–47 (2006). As IDS points out, this determination requires an individualized factual assessment of the underlying claim, including the fault of the insured driver. Dkt. 48 at 33.

There are also several individualized factors that must be considered to determine whether a vehicle sustained diminished value in the first instance. *See, e.g.*, Dkt. 48 at 14–21. Indeed, this Court has previously acknowledged the "individual nature of [diminished value] claims." *Franklin v. Gov't Emp. Ins. Co.*, C10-5183BHS, 2011 WL 5166458, at *8 (W.D. Wash. Oct. 31, 2011). The presence of prior accidents is one such individualized factor. Although the parties dispute whether Achziger's truck was involved in a prior accident, both parties agree that some class members' vehicles have sustained damage in prior accidents. Achziger argues this issue is merely a damages issue, but it is also relevant to the liability inquiry. If a vehicle has sustained prior damage in the same area, there may well be no diminished value and thus no liability.

For these reasons, the Court concludes that individualized issues predominate and the proposed class is not sufficiently cohesive to warrant adjudication by representation at this time.

**3. Superiority**

The superiority inquiry "requires determination of whether the objectives of the particular class action procedure will be achieved in the particular case." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1023 (9th Cir. 1998). "In determining superiority, courts must consider the four factors of Rule 23(b)(3)." *Zinser*, 253 F.3d at 1190. These factors include: (1) the class members' interests in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already begun by or against class members; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3).

"Because common issues do not predominate, it is not strictly necessary that the court address the 'superiority' aspect of Rule 23(b)(3)." *Ginsburg v. Comcast Cable Commc'ns Mgmt. LLC*, C11-1959RAJ, 2013 WL 1661483, at *8 (W.D. Wash. Apr. 17, 2013). Nevertheless, Achziger has failed to show the class procedure is the superior method for adjudicating this matter at this time. As discussed above, individual issues currently predominate over common issues—a factor that weighs against a finding of superiority. *See Zinser*, 253 F.3d at 1192 ("If each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually, a class action is not 'superior.'"). Additionally, class members likely have an interest in individually controlling the prosecution of separate actions. For example, class members whose vehicles have not sustained prior damage would potentially be undercompensated in this case. Along those same lines, IDS has demonstrated that some insureds may have

significant claims for diminished value that would also be undercompensated. *Cf. Zinser*, 253 F.3d at 1190 ("Where damages suffered by each putative class member are not large, [the first] factor weighs in favor of certifying a class action."). After considering these factors, the Court concludes that the superiority requirement has not been satisfied.

**D. Certification**

In sum, Achziger has failed show his proposed class satisfies all of the Rule 23 requirements at this time. The Court declines to certify Achziger's proposed class.

## III. ORDER

Therefore, it is hereby ORDERED that Achziger's motion for class certification (Dkt. 26) is **DENIED**.

Dated this 1st day of April, 2016.

BENJAMIN H. SETTLE
United States District Judge