UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GENE ACHZIGER,

               Plaintiff,

v.

IDS PROPERTY CASUALTY
INSURANCE COMPANY,

               Defendant.

CASE NO. C14-5445 BHS

ORDER GRANTING
PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY
JUDGMENT

     This matter comes before the Court on Plaintiff Gene Achziger's ("Achziger") motion for partial summary judgment (Dkt. 101). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

     On October 4, 2013, Achziger was involved in a car accident while driving his pickup truck. Dkt. 1-1 ("Comp.") ¶ 1.9. Achziger's truck was damaged, and the repairs cost $6,325.87. Dkt. 61, Declaration of Stephen Hansen ("Hansen Dec."), Ex. 2 at 2. As

ORDER - 1

1 a result of the damage, Achziger claims his truck was worth less after it was repaired than

2 before the accident.  Comp. ¶ 1.10.

3      Achziger had a car insurance policy with Defendant IDS Property Casualty

4 Insurance Company ("IDS").  *Id.* ¶ 1.9.  Achziger sought coverage for his damaged truck

5 under his IDS policy.  *Id.* ¶ 1.11.  Achziger claims IDS neither informed him about the

6 availability of coverage for diminished value nor adjusted his loss to include diminished

7 value.  *Id.*

8      On April 4, 2014, Achziger filed a class action complaint against IDS in Pierce

9 County Superior Court.  *Id.* ¶ 1.1.  Achziger claims IDS (1) breached the insurance

10 policy, and (2) violated the Washington Consumer Protection Act ("CPA"), RCW 19.86

11 *et seq*.  *Id.* ¶¶ 1.12, 5.1–5.15.  On June 3, 2015, IDS removed the suit to this Court under

12 the Class Action Fairness Act, 28 U.S.C. § 1332(d).  Dkt. 1.

13      On March 18, 2015, Achziger moved for class certification.  Dkt. 26.  On March

14 1, 2016, the Court denied the motion.  Dkt. 91.

15      On August 9, Achziger moved for partial summary judgment.  Dkt. 101; Dkt.

16 103(sealed version of motion).  On September 9, 2016, IDS responded.  Dkt. 105.  On

17 September 9, 2016, Achziger replied.  Dkt. 107.

18 <center>**II. DISCUSSION**</center>

19      As a threshold matter, IDS argues that Achziger's motion is premature and he "is

20 putting the cart before the horse."  Dkt. 105 at 2.  Achziger's breach of contract claim is

21 fairly simple and can be summarized as follows: Achziger and IDS entered into a contract

22 for indemnity, Achziger suffered a loss of diminished value, Achziger sought indemnity

for the loss, and IDS breached the contract by declining coverage for the loss.  The existence of the contract is undisputed.  While both parties concede that material questions of fact exist on the issue of whether Achziger suffered a loss, this does not necessarily preclude a determination of the third and fourth issues before trial.  "A party may move for summary judgment, identifying each claim or defense--or *the part of each claim* or defense--on which summary judgment is sought."  Fed. R. Civ. P. 56(a) (emphasis added).  Thus, the Court does not find Achziger's motion premature or improper.

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc*., 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

With regard to the burdens of proof, "*where the moving party has the burden*—the plaintiff on a claim for relief or the defendant on an affirmative defense— *his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.*" *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation omitted); *see also Southern Calif. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003).

**B.     Coverage and Exclusions**

In Washington, "insurance policies are construed as contracts." *Am. Nat'l Fire Ins. Co. v. B & L Trucking & Constr. Co.*, 134 Wn.2d 413, 427 (1998).  The court first

examines the policy provisions to determine if "the loss falls within the scope of the policy's covered losses." *Nw. Bedding Co. v. Nat'l Fire Ins. Co. of Hartford*, 154 Wn. App. 787, 791 (2010). If the party contesting the denial of coverage shows that the loss is within the scope of covered losses, "[t]he insurer then must show that the claim of loss is excluded." *Id.*; *see also Hayden v. Mut. of Enumclaw Ins. Co.*, 141 Wn.2d 55, 64 (2000).

In this case, Achziger has met his burden on the issue of coverage. The parties' contract of insurance provides that IDS will pay damages due to property damage caused by an accident under underinsured motorist coverage. Dkt. 50-2, Declaration of Christopher Boehm ("Boehm Dec."), Ex. 1 at 13 ("Coverage C – Underinsured Motorists Coverage"). Achziger argues that, in Washington, diminished value is considered property damage. Dkt. 103 at 4–5. The Court agrees and concludes that the alleged diminished value loss "falls within the scope of the policy's covered losses." *Nw. Bedding*, 154 Wn. App. at 791. The burden now shifts to IDS to show that the loss is subject to a specific exclusion. *Id*.

IDS failed to meet its burden on this issue. Although IDS completely failed to address the merits of Achziger's motion, the Court is obligated to determine whether Achziger is entitled to judgment as a matter of law and whether material questions of fact exist on this issue. *Martinez v. Stanford*, 323 F.3d 1178, 1182–83 (9th Cir. 2003). In denying Achziger's motion for class certification, the Court stated that "Achziger's IDS policy contains a diminished value exclusion to his collision and comprehensive coverage." Dkt. 91 at 6. Based on evidence in the record, Achziger argues that this exclusion does not apply to underinsured motorist coverage. Dkt. 103 at 5–10. While the

contract does not specifically state that this exclusion only applies to collision and comprehensive coverage, Achziger has, at the very least, shifted the burden to IDS to show that he is either wrong or that material questions of fact exist on this issue. IDS has done neither, and, based on a fair review of the record, the Court is unable to locate any admissible evidence that creates questions of fact on this issue. *See Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) ("[i]t is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment."). Therefore, the Court concludes that IDS has failed to show that the alleged damage is excluded from coverage. Accordingly, the Court grants Achziger's motion.

### III. ORDER

Therefore, it is hereby **ORDERED** that Achziger's motion for partial summary judgment (Dkt. 101) is **GRANTED**.

Dated this 14th day of October, 2016.

BENJAMIN H. SETTLE
United States District Judge