UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GENE ACHZIGER,

    Plaintiff,

v.

IDS PROPERTY CASUALTY
INSURANCE COMPANY,

    Defendant.

CASE NO. C14-5445 BHS

ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

This matter comes before the Court on Defendant IDS Property Casualty Insurance Company's ("IDS") motion for summary judgment (Dkt. 118). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

### I. PROCEDURAL AND FACTUAL BACKGROUND

On April 4, 2014, Plaintiff Gene Achziger ("Achziger") filed a class action complaint against IDS in Pierce County Superior Court asserting claims against IDS for breach of contract and violations of the Washington Consumer Protection Act ("CPA"), RCW 19.86 *et seq*. Dkt. 1-1, ¶¶ 1.12, 5.1–5.15.

On March 18, 2015, Achziger moved for class certification. Dkt. 26. On April 1, 2016, the Court denied Achziger's motion. Dkt. 91. On June 10, 2016, the Ninth Circuit declined discretionary review of the Court's denial. Dkt. 100.

On October 14, 2016, the Court granted Achziger's motion for partial summary judgment on the issue of coverage. Dkt. 109.

In January 2017, the parties began to discuss settlement. On January 24, 2017, Achziger's counsel, Scott Nealey, wrote IDS's counsel, Jordan Altura, stating that "Mr. Achziger is willing to resolve his personal breach of contract claim . . . <u>provided it is structured to allow an appeal</u>." Dkt. 119, Exh. A; Dkt. 122, Declaration of Scott Nealey, ¶ 6. IDS did not respond to this settlement offer, and Mr. Nealey withdrew the offer on February 15, 2017. Dkt. 119, Exh. A.

On March 22, 2016, Mr. Altura sent a settlement offer to Mr. Nealey. Dkt. 119, Exh. B. The next day, Mr. Nealey sent a counteroffer for a sum certain that would be conditioned on:

> 1. The settlement amount being confidential, with neither party to discuss, nor mention its amount, unless required to by Court Order, in this or any other proceeding.
> 2. An agreement that neither party will contest jurisdiction in the Court of Appeal for any appeal.
> 3. The settlement agreement will state that:
> "the settlement payment received is solely in consideration for release of Achziger individual claims, not those related to Achziger class action allegations and claims, in which he retains a personal financial stake, including but not limited to any award enhancement fee were the Court to approve a class settlement or there be a class action judgement, and recovery of costs and attorney's fees from any such Class recovery or judgement, nor does the settlement payment relate to, or release the claims of any

>>absent class member that Achziger sought to represent and is not in derogation of any other claim, defense, or right that either party or any putative class member might have in respect of this litigation, including Plaintiff's class claim"
>>4. Entry of a final judgement which dismisses Mr. Achziger's individual and his other Class Action claims with prejudice.

*Id*. Mr. Altura accepted the offer the next day. Specifically, Mr. Altura stated that "IDS accepts plaintiff's [money demand]. The parties will work together over the next few days to formalize the terms of our agreement, which will include the conditions you identify below, subject to some clarification that we discussed today." *Id*.

On March 28, 2017, Mr. Altura sent Mr. Nealey a draft settlement agreement. In relevant part, the document included the following provisions:

> Notwithstanding the foregoing, the settlement payment identified in Paragraph 2.1 is solely in consideration for the release of Achziger's individual claims, not those related to Achziger's class action allegations and purported claims, in which he retains a personal financial stake, including but not limited to any incentive award were the District Court to approve a class settlement or there be a class action judgment, and recovery of costs and attorney's fees from any such class recovery or judgment, nor does the settlement payment relate to, or release the claims of any absent class member that Achziger sought to represent and is not in derogation of any other claim, defense, or right that any other person might have in respect of this litigation.
> ***
> The Parties agree that neither Party will contest jurisdiction in the Ninth Circuit Court of Appeals for any appeal.

Dkt. 121, Exh. C at 3.

Later that day, Mr. Nealey sent revisions. Specifically, Mr. Nealey added an additional sentence to the provision regarding either party contesting jurisdiction. The proposed sentence was as follows:

> To that end, IDS agrees that Achziger's execution of this Release shall not operate as a defense or to otherwise preclude Achziger's appeal of any ruling of the District Court, nor shall it operate as a defense to any claims not released by Achizger [sic] herein in the event of a remand by the appellate court to the District Court.

*Id.*, Exh. D at 4.

On April 18, 2017, Mr. Altura emailed Achziger's lawyers stating that he was addressing his client's concerns and hoped to have another draft "within the next couple of days." *Id.*, Exh. G. Mr. Altura also proposed notifying the Court of the "settlement in principle" and requesting the pretrial deadlines be stricken. *Id*. Achziger's counsel agreed with notifying the Court. *Id*.

On April 20, 2017, Mr. Nealey sent an email to the Clerk. *Id.*, Exh. H. Mr. Nealey stated that the parties had reached what they "believe[d] to be a partial resolution of this matter" and requested that the Court "remove this matter from its trial calendar." *Id*.

On May 3, 2017, Mr. Altura sent another draft settlement agreement. In relevant part, the propose jurisdiction clause read as follows:

> Achziger intends to appeal to the Ninth Circuit the Court's denial of Achziger's motion for class certification [correct title of motion for class cert]., urging reversal of the District Court's order denying class certification. IDS intends to oppose any such appeal. IDS agrees that it will not sua sponte argue that this Release divests the Ninth Circuit of jurisdiction to hear the appeal. The parties recognize that litigants cannot enter into an agreement that purports to create appellate jurisdiction where otherwise there would be none. The parties recognize that the Ninth Circuit on its own initiative may raise the appellate the issue whether appellate jurisdiction exists, including whether Achziger has standing ,and invite or direct the parties to brief the issue. Should that occur, the parties agree that each party will respond to the Ninth Circuit's inquiry as appropriate based on its respective understanding of the facts and the law. but will take no

> ~~position on the ultimate issue of whether this Release deprives Achziger of standing to appeal. The Parties agree that neither Party will contest jurisdiction in the Ninth Circuit Court of Appeals for any appeal. To that end, IDS agrees that Achziger's execution of this Release shall not operate as a defense or to otherwise preclude Achziger's appeal of any rulings of the District Court, nor shall it operate as a defense to any~~the class claims ~~not released by Achizger herein in the event of a remand by the appellate court to the District Court.~~
> ~~Achiziger expressly waives with respect to IDS and the subject of this Release any equivalent or similar provision of any statute or other law of the United States or any other state or jurisdiction.~~

*Id.*, Exh. K.

On May 11, 2017, Mr. Nealey responded. Regarding the issue of jurisdiction, Mr. Nealey stated that, "while it is a major change that you can assert a lack of jurisdiction, I am fine with this provide [sic] we keep the release language that I originally drafted." *Id.*, Exh. L. Mr. Nealey's proposed edit to the jurisdiction provision was as follows:

> Achziger intends to appeal to the Ninth Circuit the Court's denial of Achziger's motion for class certification. IDS intends to oppose any such appeal. IDS agrees that it will not sua sponte argue that this Release divests the Ninth Circuit of jurisdiction to hear the appeal. ~~The parties recognize that litigants cannot enter into an agreement that purports to create appellate jurisdiction where otherwise there would be none~~ The parties recognize that the Ninth Circuit on its own initiative may raise the issue whether appellate jurisdiction exists, including whether Achziger has standing ,and invite or direct the parties to brief the issue. Should that occur, the parties agree that each party may cite this agreement as discussed below.

*Id.*

On May 11, 2017, the Clerk contacted the parties asking whether they were preparing for the pretrial conference. *Id.*, Exh. M. Both Mr. Altura and Mr. Nealey responded, stating that it was their understanding that the matter had been taken off the

ORDER - 5

Court's calendar based on the "email advising the Court of the parties' settlement." *Id*. Mr. Nealey stated that they "expect to have the matter finalized shortly." *Id*.

On May 25, 2017, Mr. Altura emailed Mr. Nealey additional edits to the release provision and the jurisdiction provision. *Id*., Exh. O. On June 10 and 13, 2017, Mr. Altura inquired about the status of the settlement agreement. *Id*., Exh. P.

On June 12, 2017, the Supreme Court issued its opinion in *Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017). The Court held that a voluntary dismissal does not qualify as a "final decision" under 28 U.S.C. § 1291. *Id*. at 1707. "Plaintiffs in putative class actions cannot transform a tentative interlocutory [denial of class certification] order into a final judgment within the meaning of § 1291 simply by dismissing their claims with prejudice—subject, no less, to the right to 'revive' those claims if the denial of class certification is reversed on appeal." *Id*. at 1715 (citations omitted).

On July 10, 2017, Mr. Nealey sent Mr. Altura an email stating "that *Baker* renders a settlement based on the proposed terms an impossibility." Dkt. 119, Exh. Q. Mr. Nealey provided further analysis as follows:

> While what we had discussed doing is in my opinion distinguishable from *Baker*, the Court unfortunately did not include language to attempt to limit its opinion, and any type of dismissal via partial settlement is arguably foreclosed under my reading of the case. Given *Baker*, while I believe that it does not in any way serve the purposes of judicial economy, your position that you could and would contest jurisdiction over any appeal, makes what we discussed impossible.
> I believe we could advance the litigation by jointly asking Judge Settle to certify his class cert order for appeal, under 28 U.S.C. § 1292(b), but absent that, we will need to approach the Court about resetting us for trial date in light of our inability to resolve part of the matter in light of our differing views and *Baker*.

*Id.*

On August 21, 2017, IDS filed a motion for summary judgment to enforce the settlement agreement. Dkt. 117. On September 11, 2017, Achziger responded. Dkt. 121. On September 15, 2017, IDS replied. Dkt. 123.

On November 6, 2017, the Court held oral argument on the motion. Dkt. 128.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Settlement**

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987).

In this case, the parties dispute whether they reached a binding settlement agreement and whether the agreement should be set aside due to the impossibility of performance or frustration of purpose.

**1.     The Agreement**

"Settlement agreements are governed by general principles of contract law." *Morris v. Maks*, 69 Wn. App. 865, 868–69 (1993) (citing *Stottlemyre v. Reed*, 35 Wn. App. 169, 171, *review denied*, 100 Wn.2d 1015 (1983)). "The construction and

enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). To be bound by an agreement, the parties must objectively manifest their mutual assent to the essential terms. *Yakima Cnty. Fire Prot. Dist. No. 12 v. City of Yakima*, 122 Wn.2d 371, 388, 858 P.2d 245 (1993). A party manifests assent to an agreement when the reasonable meaning of a person's words and acts, notwithstanding any subjective reservations of intent, indicates assent. *City of Everett v. Sumstad's Estate*, 95 Wn.2d 853, 855–56 (1981). The stated terms must be complete and definite enough for the Court to ascertain their meaning and to fix the parties' contractual liabilities. *Keystone Land & Dev. Co. v. Xerox Corp.*, 152 Wn.2d 171, 178 (2004). Under Washington law, a contract is binding on the parties when the intention of the parties is plain and the parties or their counsel agree on the terms of the contract even if one or both parties contemplated signing a more formal writing in the future. *Veith v. Xterra Wetsuits, L.L.C.*, 144 Wn. App. 362, 366 (2008).

In determining whether informal writings such as letters are sufficient to establish a contract even though the parties contemplate signing a more formal written agreement, Washington courts consider whether (1) the subject matter has been agreed upon, (2) the terms are all stated in the informal writings, and (3) the parties intended a binding agreement prior to the time of the signing and delivery of a formal contract. *Morris*, 69 Wn. App. at 869.

### a. Material Terms

Taking the evidence in the light most favorable to Achziger, the Court finds that the parties agreed to the material terms of a settlement. Although Achziger argues that there were "material changes to the agreement that were never agreed to," he fails to give a concrete example of any such term. *See* Dkt. 121 at 15–20. Without identifying a single material term in dispute and specifically arguing that he did not agree to that term, he has failed to create a material question of fact. For example, Achziger could state that the parties disputed the final settlement amount and that there was no final agreement on this material term. Achzinger, however, fails to identify any material term with such specificity. This failure is sufficient to grant IDS's motion. *See Teamsters Local Union No. 117 v. Washington Dep't of Corr.*, 789 F.3d 979, 994 (9th Cir. 2015) ("Argument without evidence is hollow rhetoric that cannot defeat summary judgment."). Moreover, "[i]t is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

At best, Achziger is attempting to make a mountain out of a molehill by attacking the repetitive edits to the language of the release provision. In the last round of proposals, the parties edited one sentence of the release. Achziger's proposed sentence reads as follows:

> Notwithstanding the foregoing, the settlement payment identified in Paragraph 2.1 is solely in consideration for the release of Achziger's individual claims not those related to Achziger's class action allegations

> and purported claims, which he does not release nor resolve, and in which he retains any personal financial stake he may possess, including but not limited to any incentive award were the District Court to approve a class settlement or there be a class action judgment, and recovery of costs and attorney's fees from any such class recovery or judgment, Nor does the settlement payment relate to, or release the claims of any person that Achziger sought to represent and is not in derogation of any other claim, defense, or right that any other person might have in respect of this litigation.

Dkt. 119, Exh. L. IDS responded with a proposal that provides as follows:

> Notwithstanding the foregoing, the settlement payment identified in Paragraph 2.1 is solely in consideration for the release of Achziger's individual claims, and not any alleged class claims, which Achziger does not release nor resolve, and in which he maintains he possesses a personal financial stake, including but not limited to any incentive award or recovery of costs and attorney's fees available in the event a class action is ever certified, and a class action settlement approved or class action judgment entered. Nor does the settlement payment relate to, or release the claims of any person that Achziger sought to represent and is not in derogation of any other claim, defense, or right that any other person might have in respect of this litigation.

*Id*., Exh. O. Other than pointing out that Mr. Altura stated that the parties "were close," Achziger fails to identify any material difference in these two provisions. In short, Achziger intended to maintain his financial stake in the class portion of the matter and settle his individual claims. Achziger fails to identify any disputed material term involved in this part of the agreement. Although the legalese was not finalized, the Court finds that the material terms were agreed upon subject to formalization. *Stottlemyre*, 35 Wn. App. at 171 (A written contract is not necessary when the parties have agreed to the material terms of the contract and have expressed mutual assent to be bound). Achzinger, as the nonmoving party, must present specific, significant probative evidence of a dispute, not simply "some metaphysical doubt." *Matsushita*, 475 U.S. at 586. Having

failed to meet his burden, the Court finds that the parties agreed to the material terms of the release.

The evidence also suggests that the parties failed to formalize a provision governing whether IDS could contest jurisdiction on appeal. Achzinger contends that the ongoing negotiation regarding the formal language constituted offers and counteroffers without an acceptance by either party. To support this contention, Achzinger creates an ambiguity that benefits IDS. Achzinger argues that, based on the last round of proposed language, IDS retains the right to assert that the Ninth Circuit lacks jurisdiction to consider any appeal of the Court's denial of class certification. IDS flatly rejects this interpretation and requests that the Court enforce Mr. Nealey's proposed term in the March 23, 2016 email, which was as follows: "An agreement that neither party will contest jurisdiction in the Court of Appeal for any appeal." IDS's counsel stated this position on the record. Thus, Achzinger is attempting to create a situation where the parties did not have a meeting of the minds by asserting what IDS's perceived position was in March 2016, instead of accepting IDS's initial and current position. IDS has explicitly confirmed that it will not contest jurisdiction either *sua sponte* or upon invitation from a higher court. Regardless of the parties' failure to formalize this term, the term is as simple as IDS will not contest jurisdiction in any form whatsoever. Thus, Achzinger's argument on the jurisdiction term is without merit, and, at the very least, he fails to submit any evidence that the parties failed to have a meeting of the minds.

Regarding the material terms of the agreement, the Court agrees with IDS and Achzinger has failed to submit material evidence to the contrary. Thus, the terms are as follows:

1. IDS' payment of $9,000 to Plaintiff;
2. The settlement amount is confidential and neither party may discuss the amount unless required to by Court Order;
3. Neither party will contest jurisdiction in the Court of Appeals;
4. The settlement agreement will provide that it is solely in consideration for release of Achziger's individual claims, not those related to Achziger's class action allegations and claims, in which he retains a personal financial stake, including but not limited to any awarded enhancement fee if there is a class action judgment or the Court approves a class settlement, and recovery of costs and attorney's fees from any such Class recovery or judgement, nor does the settlement payment relate to, or release the claims of any absent class member that Achziger sought to represent and is not in derogation of any other claim, defense, or right that either party or any putative class member might have in respect of this litigation, including Plaintiff's class claim.
5. Entry of a final judgement which dismisses Mr. Achziger's individual and his other Class Action claims with prejudice.

### b. Informal Writings

The Court finds that these terms can all be found in the informal writings between the parties.

### c. Intent

Achzinger has failed to submit any evidence that he did not intend to be bound to this agreement. The first time that Mr. Nealey raised the possibility of a failed settlement was after *Baker*, and, even then, the reason for hesitation was the potential impossibility of the agreement instead of any intent not to be bound by the terms set forth above. Therefore, the Court concludes that the parties entered into an enforceable settlement agreement.

### 2. Affirmative Defenses

Achzinger asserts the affirmative defenses of impossibility of performance and frustration of purpose. Dkt. 121 at 20–24. First, the doctrine of supervening impossibility or impracticability of performance discharges a party from contractual obligations when a basic assumption of the contract is destroyed or deteriorated, such destruction or deterioration makes performance impossible or impractical, and the party seeking relief does not bear the risk of the unexpected occurrence. *Pub. Util. Dist. No. 1 of Lewis Cty. v. Washington Pub. Power Supply Sys.*, 104 Wn.2d 353, 363–64 (1985), *modified*, 713 P.2d 1109 (1986). "The mere fact that a contract becomes more difficult or expensive than originally anticipated does not justify setting it aside." *Id*.

In this case, Achzinger has failed to show that a basic assumption of the contract is destroyed. Achzinger admits that *Baker* is not on all fours with the procedural history of this case, but the Ninth Circuit could extend *Baker* to cover settlements like this one. Dkt. 121 at 21 n.5. Thus, Achziger's entire argument is based on a hypothetical and is essentially an argument that performance could be more difficult. Such an argument is insufficient to show impossibility or impracticability. Even if Achzinger met this burden, he has failed to show that he did not bear the risk of this occurrence, much less that the *Baker* opinion was unexpected. Therefore, the Court concludes that this affirmative defense is without merit.

Second, a party's remaining duties under a contract may be discharged if his principal purpose is frustrated by the occurrence of an event. *Restatement (Second) of Contracts* § 265 (1979). Achzinger, however, concedes that Washington has not adopted

this principle of law. Dkt. 121 at 24. Even if this was a rule of law in Washington, Achzinger has failed to show that *Baker* substantially frustrates the purpose of his settlement or that he did not bear the burden of its occurrence. Therefore, the Court concludes that this affirmative defense is also without merit.

### III. ORDER

Therefore, it is hereby **ORDERED** that IDS's motion for summary judgment (Dkt. 118) is **GRANTED**. The parties are directed to file dismissal paperwork by December 9, 2018.

Dated this 9th day of November, 2017.

BENJAMIN H. SETTLE
United States District Judge