The Honorable BENJAMIN H. SETTLE

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| GENE ACHZIGER, individually and as the representative of all persons similarly situated, | NO. 3:14-CV-05445 BHS |
| Plaintiff, | MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT |
| vs. | |
| IDS PROPERTY CASUALTY INSURANCE COMPANY, | Hearing Date:  June 22, 2020 |
| Defendant. | |

## I. INTRODUCTION/STATEMENT OF FACTS

Plaintiff GENE ACHZIGER submits the following Memorandum in support of final approval of a stipulated settlement that the Court preliminarily approved on January 14, 2020, and in support of his request for the award of fees and the incentive award called for in the Settlement Agreement.  Defendant does not oppose Plaintiff's request.

The Settlement Class consists of 6,786 insureds who have been identified from Defendants' databases, with notice being mailed on March 13, 2020.  The notice program reached 96.16% of the Class.  The objection deadline has passed with no objections. There have been only two opt-outs, which are listed on the proposed final approval order.

Under the settlement, Defendant will make available up to $5,212,600.00 for payment to Class Members who did not opt-out who submit a timely Claim Form.

MEMORANDUM RE: FINAL APPROVAL OF
<u>CLASS ACTION SETTLEMENT</u> – 1

LAW OFFICES OF
**STEPHEN M. HANSEN, P.S**
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX

Defendant has paid all costs associated with the Notice Program and claims administration.  The claims deadline is August 6, 2020, with 1,748 claims submitted as of May 29, 2020.  As in prior settlements of DV claims, Plaintiffs' Counsel believes the claims submission rate – currently 26.78% - will increase substantially as the claims deadline approaches.

The settlement provides considerable benefit to the Class Members while avoiding the costs and uncertainty of the litigation of difficult, contentious, and doubtful issues.  The standards for approval were more thoroughly briefed in the Motion for Preliminary Approval file on January 10, 2020.

## II. EVIDENCE RELIED UPON

1.  Declaration of STEPHEN M. HANSEN

## III. STANDARDS FOR FINAL APPROVAL

### 1.    *The Settlement Is Fair, Reasonable, and Adequate*

Courts strongly favor and encourage settlements.  This is particularly true in the class action setting, where the costs, delays, risks and uncertainties inherent in complex litigation might otherwise overwhelm any potential benefit the class could obtain, and where settlements conserve judicial resources.  *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) ("strong judicial policy . . . favors settlement particularly where complex class action litigation is concerned"), *cert. denied sub nom.; Hoffer v. City of Seattle,* 506 U.S. 953 (1992); *see also* Heubert B. Newberg & Alba Conte, *2 NEWBERG ON CLASS ACTIONS* (3d ed. 1992) ("*Newberg*") §11.41 (citing cases). Settlements of complex cases contribute greatly to the efficient utilization of scarce judicial resources and achieve the speedy resolution of justice, for "[a] just result it is often no more than an arbitrary point between competing notions of reasonableness." *In re Corrugated Container Antitrust Lit. II*, 659 F.2d 1322, 1325 (5th Cir. 1981).

MEMORANDUM RE: FINAL APPROVAL OF
<u>CLASS ACTION SETTLEMENT</u> – 2

LAW OFFICES OF
**STEPHEN M. HANSEN, P.S**
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX

1    Plaintiff and class counsel respectfully submit that the proposed Settlement

2    represents the best avenue for Class Members to receive the relief to which they are

3    entitled in a prompt and efficient manner, while allowing the Defendant finality.  This is

4    especially true considering the alternative of many class members having no knowledge

5    of their right to compensation, and for those so informed, the handling of the claims by

6    way of individual trials on the merits, taking many years, resulting in significant delays,

7    and risking loss and potentially inconsistent results at trial or on appeal.

8    ### A.    *The Settlement Approval Process*

9    Final approval is the second step in the two-step class action settlement process.

10   The Court has completed the first step in the process when it granted preliminary

11   approval to the Settlement and certified the Settlement Class provisionally to facilitate

12   dissemination to the Class of notice of the proposed Settlement.  Through the Court's

13   preliminary evaluation, it was determined that the Settlement was within the "range of

14   reasonableness." *Newberg* § 11.25, at 11-36, 11-37.  At the Final Fairness Hearing,

15   which is the second step in the settlement approval process, Class Counsel, relying upon

16   this memorandum and the materials filed herewith, will ask the Court to approve the

17   Settlement as "fair, adequate and reasonable." *Id.*

18   Although the proponents of a settlement in a class action bear the burden of

19   proving that the settlement should be approved, they should not be required to stage a

20   mini-trial on the merits, as this is the event that the settlement aims to avoid.  *See In re*

21   *Armored Car Anti-Trust Lit.*, 472 F.Supp. 1357, 1367 (N.D. Ga. 1979), *affirmed in part,*

22   *reversed in part on other grounds*, 645 F.2d 488 (5th Cir. 1981).  As the Court in *Nelson*

23   *v. Waring*, 602 F.Supp. 410 (N.D. Miss. 1983) aptly observed:

24           Compromise is the essence of settlement and the Court should not make
         the proponents of a proposed settlement justify each term of the settlement
25       against a hypothetical or speculative measure of which concessions might

26

27

LAW OFFICES OF
**STEPHEN M. HANSEN, P.S**
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX

have been granted; inherent in compromise is a yielding of absolutes and abandoning of highest hopes.

*Id.* at 413.

The role of the Court at the Final Fairness Hearing is limited to determining whether the terms of the proposed Settlement are "fair, adequate and reasonable." The Court may not try disputed issues in the case since the whole purpose behind a compromise is to avoid a trial. Neither may the Court substitute its judgment of what is fair for that reached by the parties in arms-length negotiations. *See* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 7B FEDERAL PRACTICE & PROCEDURE 3d § 1797.5; *see also* MANUAL FOR COMPLEX LITIGATION, FOURTH, § 21.61 at 309 ("*Manual*") ("The judicial role in reviewing a proposed settlement is critical, but limited to approving the proposed settlement, disproving it, or imposing conditions on it. The judge cannot rewrite the agreement").

**B.      *Criteria for Settlement Approval***

At the Final Fairness Hearing, the Court may use the following criteria to determine whether to approve the Settlement:

> [t]he likelihood of success by the plaintiffs; the amount of discovery or evidence; the settlement terms and conditions; recommendation and experience of counsel; future expense and likely duration of litigation; recommendation of neutral parties, if any; number of objectors and nature of objections; and the presence of good faith and the absence of collusion.

*Newberg* § 11.43. These factors are not exhaustive; nor will each necessarily apply in every case. The relative importance of each factor depends on the nature of the claim, the type of relief sought, and the unique facts of each case. *Id.* A proposed class settlement may be approved if it is determined to be "fair, adequate, and reasonable." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir.1993); *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 207 (5th Cir.1981); *Marshall v. Holiday Magic, Inc.*, 550

LAW OFFICES OF
STEPHEN M. HANSEN, P.S
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX

F.2d 1173, 1178 (9th Cir.1977).  The following instruction is also helpful when applying the review criteria:

> The court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.

> It is not the trial court's duty, nor place, to make sure that every party is content with the settlement.  Indeed, this would contravene the very nature of consensual settlements.  Rather, the trial court should look to the possibility of inequitable treatment between class members.

*Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615, 623 (9th Cir. 1982).  As discussed in more detail in the motion for preliminary approval, application of these criteria to this case shows that the proposed Settlement should be approved as fair, adequate, and reasonable.

### i.      *Likelihood of Success by Plaintiff*

Under this criterion, courts weigh the immediacy and certainty of a substantial recovery against the risks of continued litigation.  *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); *In re Warner Comm. Sec. Litigation*, 618 F.Supp. 735, 741 (S.D.N.Y. 1975).  The likelihood of success by Plaintiff on the merits of the case is judged as of the time of settlement.  *See E.E.O.C. v. Hiram Walker & Sons, Inc.,* 768 F.2d 884, 890 (7th Cir.1985) (noting that there was "great uncertainty about the proper resolution of a number of legal issues involved, any one of which, if resolved in favor of Walker, would result in no recovery.").

Defendant is represented by experienced and competent counsel.  Liability and damages have been contested vigorously.  Defendant has argued steadfastly that its insuring agreement's collision and comprehensive coverage "Limits of Liability" provision, containing a limit of liability for loss (i.e., "the lesser of," . . . "(a) the actual

MEMORANDUM RE: FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – 5

LAW OFFICES OF
STEPHEN M. HANSEN, P.S
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX

cash value of the damaged property, or (b), the amount necessary to repair or replace the property with property of like kind or quality") which they contend make this case distinguishable from *Moeller v. Farmers Ins. Co. of Washington*, 173 Wn.2d 264, 267 P.3d 998 (2011) (and subsequent cases holding that DV is a covered loss), which would eliminate the claims of 75% of the settlement class.  Defendants have also steadfastly maintained that damages (for any remaining class members) cannot be established as a class due to such variables as the age of the vehicle, how well the individual vehicle was maintained over time, the manner in which the vehicle has been used, its accident history, and a myriad of other individualized issues.

Plaintiff's counsel, while believing their case is exceedingly strong, recognized that these issued remained unresolved at the time settlement was entered.  While firmly prepared to move the case forward, counsel are realistic and know that the resolution of class certification and other key issues, the outcome of a jury trial, and the outcome of appeals that would inevitably follow, even if successful at trial, are always uncertain. Litigation costs would have inevitably eaten up a large part of any recovery.

In contrast to the risks and expense of continued litigation, the proposed Settlement provides Class Members with a certain and substantial recovery, where the Defendants will make available $5,212,600.00 to the Class Members who submit a valid Claim Form.  The settlement provides for a substantial cash recovery to each class member in proportion to the damage sustained to the individual member's vehicle.

### ii.    The Settlement Terms and Conditions

The proposed Settlement amount of $5,212,600.00 provides an average payment amount well within the range of the awards Class Counsel have obtained in other diminished value class action case settlements approved by other courts.  Participating class members stand to receive settlement payments which can range from a few hundred

MEMORANDUM RE: FINAL APPROVAL OF
<u>CLASS ACTION SETTLEMENT</u> – 6

LAW OFFICES OF
**STEPHEN M. HANSEN, P.S**
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX

dollars up to several thousand dollars, depending on the severity of damage to their vehicles.

Most courts agree that "in any case there is a range of reasonableness with respect to a settlement". *Newman v. Stein*, 464 F.2d 689, 693 (2nd Cir. 1972); *Fickinger v. C.I. Planning Corp.*, 646 F.Supp. 622, 630 (E.D.Pa. 1986). Here, the settlement formula provides payments ranging from hundreds (to potentially up to several thousand dollars depending upon the severity of damage to the Class Members' vehicle) to class members who submit a valid claim form. Applying these standards, the agreed cash payments clearly represent an excellent result.

The proposed Settlement additionally requires the Defendant to pay for all costs of the Court-approved Notice Program and for the administration of the claims. Finally, the Settlement provides a straightforward process for Class Members to receive payments from the Settlement: each Class Member received a one-page Claim Form that includes a preprinted name and address and requires the Class Member to provide certain claim information "if known" and to check the answers to three preprinted questions verifying their status as Class Members. The Claim Form takes only a few minutes at most to complete. Those Class Members who do not possess knowledge to truthfully answer "Yes" or "No" can answer "I Don't Know" and still participate in the settlement.

### iii.     Recommendation and Experience of Counsel

Class Counsel have successfully prosecuted dozens of class actions in state and federal courts throughout the nation, including significant cases involving the issue of diminished value. (See *Moeller v. Farmers Ins. Co. of Wash.*, 173 Wn.2d 264, 267 P.3d 998 (2011)). They are in a strong position to evaluate the strengths and weaknesses of the case. They have a very good understanding of the issues and facts involved in the case. They have attempted to resolve this case on terms which are commensurate with

MEMORANDUM RE: FINAL APPROVAL OF
<u>CLASS ACTION SETTLEMENT</u> – 7

LAW OFFICES OF
STEPHEN M. HANSEN, P.S
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX

recent diminished value settlements obtained in Washington courts.  On balance, fully

mindful of all factors weighing in favor of and against the proposed Settlement, Class

Counsel believe that the Settlement is fair, adequate and reasonable.

### iv.   *Reaction of the Class*

In this case, 6,786 notice packages were mailed to potential Class Members since

the Court granted preliminary approval, and after searching for changes of address,

96.16% were deliverable. Additionally, copies of the Notice and Claim Form were posted

on an internet website established by the Claims Administrator.  No objections were

received to the settlement.  Only two class members filed a request to be excluded.

The fact that no one objected to the Settlement weighs heavily in favor of its

approval.  *In re Cendant Corp. Litig*., 264 F.3d 201, 235 (3rd Cir. 2001) (affirming the

district court's approval of settlement because "[t]he vast disparity between the number

of potential class members who received notice of the settlement and the number of

objectors created a strong presumption that this factor weighs in favor of the settlement");

*see also Stoetzner v. U.S. Steel Corp*., 897 F.2d 115, 118-120 (3rd Cir. 1990) (29

objections out of 281 class members "strongly favors settlement"); *In re Orthopedic Bone

Screw Prods., Liab. Litig*., 176 F.R.D. 158, 185 (E.D. Pa. 1997) ("What is meaningful in

this regard is that the relatively low objection rate militates strongly in favor of approval

of the settlement").

### v.   *The Presence of Good Faith and the Absence of Collusion*

The Class Members' interests were advanced through settlement negotiations by

counsel with extensive prior experience in complex litigation and with specific

experience in insurance diminished value class action lawsuits.  *See Ramah Navajo

Chapter v. Babbitt*, 50 F.Supp.2d 1091, 1098 (D.N.M. 1999) (finding that the settlement

was fair and there was no collusion where negotiations proceeded at arm's-length and

MEMORANDUM RE: FINAL APPROVAL OF
<u>CLASS ACTION SETTLEMENT</u> – 8

LAW OFFICES OF
**STEPHEN M. HANSEN, P.S**
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX

were conducted on both sides by seasoned legal counsel); *M. Derenson Co. v. Faneuil Hall Marketplace, Inc.*, 671 F.Supp. 819, 822 (D. Mass. 1997) ("Where, as here, a proposed class settlement has been reached after meaningful discovery, after arm's-length negotiation, conducted by capable counsel, it is presumptively fair.").

Both sides to the negotiations attempted to secure the most desirable conclusion for their respective clients, and a settlement was negotiated over the course of several months with the assistance of an experienced Mediator, Mr. Louis Peterson.  Settlement documents were exchanged between the Parties over the course of several months to resolve the key issues relative to class settlement.  Moreover, to avoid any perceived conflict of interests, Class Counsel's proposed fees were separately negotiated from the settlement relief.

### 2.    *The Notice and Outreach Program*

In accordance with the Settlement, and pursuant to the Court's Preliminary Approval Order, Class Counsel oversaw and participated in the notice and outreach program designed to notify the Class Members of their rights and choices under the terms of the Settlement.

### A.    *The Individual Notice Package*

The parties prepared a detailed, yet simple, Individual Notice package that was mailed to the last known addresses the Class Members identified in the Defendants' database.  The claims administrator, ("JND Legal Administration"), mailed 6,786 Notice and Claim Form packages to Class Members.  Individual Notices returned as undeliverable were researched and notices were then re-mailed.  This resulted in successful notice to 96.16% of the Class.  The Individual Notice was written in straightforward language in the form notice approved by the Federal Judiciary Center.

MEMORANDUM RE: FINAL APPROVAL OF
<u>CLASS ACTION SETTLEMENT</u> – 9

LAW OFFICES OF
STEPHEN M. HANSEN, P.S
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX

**B.      The Website**

JND Legal Administration launched the Settlement Website, under the domain name https://www.achzigerclasssettlement.com/ to provide Settlement Class Members with resources to obtain additional information about the Settlement.  As of June 5, 2020, access to the Settlement Website resulted in the display of 5,296 page views.

**3.      The Notice to the Class Exceeds Minimum Notice Requirements**

Due process requires the "best notice practicable" under the circumstances, including individual notice to all Class Members who can be identified through a reasonable effort.  Due process is satisfied by sending a copy of the class notice by first-class mail to each Class Member whose address can be located with reasonable effort (*Eisen v. Carlisle & Jacqueline*, 417 U.S.156, 173-77 (1974)) and is satisfied where Class Members receive notice that makes them aware both of their opportunity to be heard, to participate in the litigation, and their opportunity to opt-out.  *Phillips Petroleum v. Shutts*, 472 U.S. 797, 811-12 (1985).  The Notice Program authorized by the Court and carried out by the Parties fully complied with all Class Members' due process rights.

**4.      Certification is Appropriate and Warranted**

This Court conditionally certified the Class as a Settlement Class in its preliminary approval order.  Although the parties have stipulated to certification of the Class, such certification is, of course, subject to review by the Court.  *See Amchem Prods., Inc. v. Windsor Prods.*, 521 U.S. 591 (1997).  Considering the substantial benefits to be conferred on the Class under the proposed Settlement, Class counsel believe that the Court should grant final approval.

**A.      The Settlement Class Satisfies the Requirements of FRCP 23(a)**

**i.      Numerosity**

When class size reaches substantial proportions, the impracticability requirement

MEMORANDUM RE: FINAL APPROVAL OF
<u>CLASS ACTION SETTLEMENT</u> – 10

LAW OFFICES OF
STEPHEN M. HANSEN, P.S
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX

1    is usually satisfied by numbers alone.  The Settlement Class consists of 6,786 members.

2    Given this size, the numerosity requirement cannot be seriously disputed.

3           *ii.*      ***Commonality***

4           To satisfy the second prerequisite of FRCP(a)(2), the case must involve questions

5    of law or fact "common" to the class.  "There is a low threshold to satisfy this test."  *In re*

6    *Am. Med. Sys.,*75 F.3d 1069. 1080 (6th Cir. 1996).  Commonality requires only a single

7    issue common to the class.  *Id*.  Where the lawsuit, as here, challenges a practice or

8    policy that affects all putative class members and arises from the same course of conduct,

9    individual factual differences among the litigants will not preclude a finding of

10   commonality.  Defendant agrees that, for purposes of settlement only, this prerequisite is

11   met here, but continues to maintain that this requirement would not have been met had

12   the case proceeded to litigation.

13          *iii.*     ***Typicality***

14          The third prerequisite under FRCP 23(a)(3) is that claims or defenses of the

15   representative parties must be "typical" of the claims or defenses of the class members as

16   a whole.  "A plaintiff's claim is typical if it arises from the same event or practice or

17   course of conduct that gives rise to the claims of the other class members, and if his or

18   her claims are based on the same legal theory."  *In re Am. Med. Sys., Inc*., 75 F.3d at

19   1069, 1082 (6th Cir. 1996) );  *Newberg,* §3-13 at 3-76.  This element is also satisfied.

20   Defendant agrees that, for purposes of settlement only, this prerequisite is met here, but

21   continues to maintain that this requirement would not have been met had the case

22   proceeded to litigation.

23          *iv.*      ***Adequacy of Representation***

24          The fourth and final requirement of rule 23(a)(4) is that the Plaintiff fairly and

25   adequately protect the interest of the Class.  Adequacy involves a two-pronged test: (1)

26

27

MEMORANDUM RE: FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – 11

LAW OFFICES OF
STEPHEN M. HANSEN, P.S
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX

1    the named Plaintiff must appear to be able to prosecute the action vigorously through

2    qualified counsel, and (2) there must be no conflicting interest between the class

3    representative and the others members of the class.  *Lerwill v. Inflight Motion Pictures,*

4    *Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).  The adequacy requirement is met when the

5    record demonstrates that the class representative's interests do not conflict with those of

6    the class and the class representative will fully and effectively represent the interests of

7    the class.

8        Both prongs of the "adequacy" tests are met here.  First, no antagonism exists

9    between the named Plaintiff and Class Members.  The Plaintiff and Class Members had

10   their claims adjusted by the Defendants and were not paid for their diminished value

11   losses.  Since the Plaintiff and Class Members were subjected to the same alleged course

12   of conduct under identical policy contracts, there are no diversions that would impair the

13   Plaintiff's incentive to prosecute all aspects of the claims against the Defendants.

14   Defendant agrees that, for purposes of settlement only, this prerequisite is met here, but

15   continues to maintain that this requirement would not have been met had the case

16   proceeded to litigation.

17       ***5.     The Settlement Class Satisfies the Requirements of FRCP (b)(3)***

18       In addition to meeting the requirements of FRCP 23(a), a class for monetary

19   damages must also meet the requirements of FRCP 23(b)(3).  Subpart 23(b)(3) requires

20   the court to find 1) that the questions of law or fact common to the members of the class

21   predominate over any questions affecting only individual members; and 2) that a class

22   action is superior to other available methods for the fair and efficient adjudication of the

23   controversy.  Defendant agrees that, for purposes of settlement only, this prerequisite is

24   met here, but continues to maintain that this requirement would not have been met had

25   the case proceeded to litigation.

26

27

MEMORANDUM RE: FINAL APPROVAL OF
<u>CLASS ACTION SETTLEMENT</u> – 12

LAW OFFICES OF
STEPHEN M. HANSEN, P.S
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX

### A.     Common Questions Predominate for the Settlement Class

The Settlement Class is properly certified according to (b)(3) since questions of law or fact common to members of the Class predominate over any questions affecting only individual Class Members.  The court is to engage in a "pragmatic inquiry into whether there is a common nucleus of operative facts to each class member's claim". *Clark v. Bonded Adjustment Co.*, 204 F.R.D. 662, 666 (E.D. Wash. 2002).  Furthermore, "[a] common question need only exist, not predominate, for the [commonality] requirement to be satisfied."  *Othropedic Bone Screw Prod. Liab. Lit.*, 176 F.R.D. 158, 174 (E.D. Pa 1997).

The overriding common question in this case is whether the Defendants failed to pay Class Members who submitted claims the amounts owed them for diminished value under the standardized language of the Defendants' insuring agreements: "Since this case involves the use of form contracts, it is particularly appropriate to use the class action procedure."  *Moretimer v. FDIC*, 197 F.R.D. 432, 438 (W.D. Wash. 2000).  Additional questions include whether the Defendants breached the contracts with the insureds by not informing about diminished value, by not adjusting claims to include diminished value, and the way the in which Defendants valued diminished value losses.  Defendant agrees that, for purposes of settlement only, this prerequisite is met here, but continues to maintain that this requirement would not have been met had the case proceeded to litigation.

### B.     Class Adjudication is Superior to Other Methods

The superiority of resolving approximately 6,786 relatively small monetary claims in one action as opposed to hundreds of trials in individual actions is self-evident. See *1 Newberg*, § 4.27, at 4-109, 4-110).  The proposed Settlement saves the Parties and the courts time and expense, and it affords policyholders a remedy.  Defendant agrees

MEMORANDUM RE: FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – 13

LAW OFFICES OF
STEPHEN M. HANSEN, P.S
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX

that, for purposes of settlement only, this prerequisite is met here, but continues to maintain that this requirement would not have been met had the case proceeded to litigation.

## IV. CONCLUSION

For the foregoing reasons, Class Counsel, on behalf of the Plaintiffs and Class Members, respectfully request the Court to GRANT

a)  FINAL APPROVAL of the Settlement pursuant to FRCP 23(e);

b)  APPROVAL of the Class Notice pursuant to FRCP 23 and due process standards; and

c)  FINAL CERTIFICATION of the Settlement Class pursuant to FRCP 23.

RESPECTFULLY SUBMITTED this 8th day of June, 2020.

Law Offices of STEPHEN M.  HANSEN, PS

_____

STEPHEN M. HANSEN, WSBA # 15642
Of Counsel for Class

Scott P. Nealey (admitted *pro hac vice*)
LAW OFFICE OF SCOTT P. NEALEY
71 Stevenson Street, Suite 400,
San Francisco, CA 94105
Telephone: (415) 231-5311
Facsimile: (415) 231-5313
snealey@nealeylaw.com

MEMORANDUM RE: FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – 14

LAW OFFICES OF
STEPHEN M. HANSEN, P.S
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX